Matthew Singer
Peter Scully
William C.G. Wright
SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125
Facsimile: (503) 796-2900

*Attorneys for Defendants*
*City of Kenai and Chad Larsen*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| BEN C. TIKKA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CITY OF KENAI, CHAD LARSEN, in ) | |
| his individual capacity and as ) | |
| employee of the CITY OF KENAI, ) | |
| JOSEPH LEE MILLER, JR., and ) | |
| JASON ALLEN WOODRUFF, in their ) | |
| individual capacities. ) | |
| ) | |
| Defendants. ) | Case No. 3:26-cv-00238-SLG |
| ) | |

## **DEFENDANTS CITY OF KENAI AND CHAD LARSEN'S ANSWER**

Defendants City of Kenai and Chad Larsen ("Officer Larsen") (collectively, "Kenai Defendants"), by and through counsel, Schwabe, Williamson & Wyatt, P.C., hereby Answer Plaintiff Ben C. Tikka's Complaint as follows:

PDX\WCGW\36476362.1

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 3:26-cv-00238-SLG    Document 13    Filed 07/09/26    Page 1 of 19

## THE PARTIES

1. Kenai Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1, and therefore deny.

2. Admit Plaintiff has sued Alaska State Trooper Joseph Lee Miller, Jr. ("Trooper Miller") in his individual capacity and not in his official capacity. Kenai Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 2, and therefore deny.

3. Admit Plaintiff has sued Alaska State Trooper Jason Allen Woodruff ("Trooper Woodruff") in his individual capacity and not in his official capacity. Kenai Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 3, and therefore deny.

4. Admit at all times relevant to this Complaint, Defendant Chad Larsen was an Officer with the Kenai Police Department and that he was a resident of the State of Alaska. Admit Officer Larsen is being sued in both his official and individual capacity.

5. Admit.

## JURISDICTION & VENUE

6. Admit.

7. Admit.

## STATEMENT OF FACTS

8. Kenai Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8, and therefore deny.

DEFENDANTS CITY OF KENAI AND CHAD LARSEN'S ANSWER
*BEN C. TIKKA V. CITY OF KENAI, ET AL.*
CASE NO. 3:26-CV-00238-SLG – PAGE 2 OF 19

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 3:26-cv-00238-SLG     Document 13     Filed 07/09/26     Page 2 of 19

9. Admit Kenai Police officers became aware that the Alaska State Troopers were looking for a vehicle described as a black 2008 GMC Denali, bearing license plate GUX390. Kenai Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 9, and therefore deny.

10. Admit Kenai Police located a black 2008 GMC Denali, bearing license plate GUX390 and notified the Alaska State Troopers of the GMC Denali's location. Kenai Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 10, and therefore deny.

11. Kenai Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11, and therefore deny.

12. Admit on information and belief that Trooper Woodruff was a "K9 Officer" with the Alaska State Troopers. Kenai Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 12, and therefore deny.

13. Kenai Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13, and therefore deny.

14. Kenai Defendants admit that Officer Larsen arrived at the location of the GMC Denali after Trooper Miller and Trooper Woodruff. Kenai Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 14, and therefore deny.

DEFENDANTS CITY OF KENAI AND CHAD LARSEN'S ANSWER
BEN C. TIKKA V. CITY OF KENAI, ET AL.
CASE NO. 3:26-CV-00238-SLG – PAGE 3 OF 19

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 3:26-cv-00238-SLG    Document 13    Filed 07/09/26    Page 3 of 19

15. Admit that Trooper Woodruff gave instructions on scene to Plaintiff. Deny Trooper Woodruff cursed State Trooper K9 Olex and advised Defendant Miller that "somebody do something man, I got fucking bit, God damn it." Kenai Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 15, and therefore deny.

16. Admit the State Troopers ultimately used pepper spray on Plaintiff. Kenai Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 16, and therefore deny.

17. Admit that Officer Larsen heard over the radio from the State Troopers that "he" was inside the vehicle. Kenai Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 17, and therefore deny.

18. Kenai Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18, and therefore deny.

19. Admit Trooper Miller used his baton to break the driver's side back passenger window. Kenai Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 19, and therefore deny.

20. Admit Trooper Miller pepper sprayed inside the GMC Denali and that Trooper Miller drew his taser. Kenai Defendants are without knowledge or information

DEFENDANTS CITY OF KENAI AND CHAD LARSEN'S ANSWER
BEN C. TIKKA V. CITY OF KENAI, ET AL.
CASE NO. 3:26-CV-00238-SLG – PAGE 4 OF 19

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 3:26-cv-00238-SLG     Document 13     Filed 07/09/26     Page 4 of 19

sufficient to form a belief about the truth of the remaining allegations in Paragraph 20, and therefore deny.

21.     Admit that Officer Larsen's body-worn camera recorded the encounter while Officer Larsen was present.  The body-worn camera footage speaks for itself and is the best evidence of its contents.  Otherwise Deny.

22.     Admit that Officer Larsen's body-worn camera recorded the encounter while Officer Larsen was present.  The body-worn camera footage speaks for itself and is the best evidence of its contents.  Otherwise Deny.

23.     Admit that Officer Larsen's body-worn camera recorded the encounter while Officer Larsen was present.  The body-worn camera footage speaks for itself and is the best evidence of its contents.  Otherwise Deny.

24.     Admit that Officer Larsen's body-worn camera recorded the encounter while Officer Larsen was present.  The body-worn camera footage speaks for itself and is the best evidence of its contents.  Otherwise Deny.

25.     Admit that Officer Larsen's body-worn camera recorded the encounter while Officer Larsen was present.  The body-worn camera footage speaks for itself and is the best evidence of its contents.  Otherwise Deny.

26.     Admit that Officer Larsen's body-worn camera recorded the encounter while Officer Larsen was present.  The body-worn camera footage speaks for itself and is the best evidence of its contents.  Otherwise Deny.

DEFENDANTS CITY OF KENAI AND CHAD LARSEN'S ANSWER
BEN C. TIKKA V. CITY OF KENAI, ET AL.
CASE NO. 3:26-CV-00238-SLG – PAGE 5 OF 19

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone:  (907) 339-7125

Case 3:26-cv-00238-SLG     Document 13     Filed 07/09/26     Page 5 of 19

27.  Admit that Officer Larsen's body-worn camera recorded the encounter while Officer Larsen was present.  The body-worn camera footage speaks for itself and is the best evidence of its contents.  Otherwise Deny.

28.  Deny that Officer Larsen did nothing to intervene. Admit that Officer Larsen's body-worn camera recorded the encounter while Officer Larsen was present. The body-worn camera footage speaks for itself and is the best evidence of its contents. Otherwise Deny.

29.  Admit that Officer Larsen's body-worn camera recorded the encounter while Officer Larsen was present.  The body-worn camera footage speaks for itself and is the best evidence of its contents.  Otherwise Deny.

30.  Admit Trooper Woodruff did not announce that Plaintiff was not Garrett Tikka. Kenai Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30, and therefore deny.

31.  Admit that Officer Larsen's body-worn camera recorded the encounter while Officer Larsen was present.  The body-worn camera footage speaks for itself and is the best evidence of its contents.  Otherwise Deny.

32.  Admit that Officer Larsen's body-worn camera recorded the encounter while Officer Larsen was present.  The body-worn camera footage speaks for itself and is the best evidence of its contents.  Otherwise Deny.

DEFENDANTS CITY OF KENAI AND CHAD LARSEN'S ANSWER
*BEN C. TIKKA V. CITY OF KENAI, ET AL.*
CASE NO. 3:26-CV-00238-SLG – PAGE 6 OF 19

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone:  (907) 339-7125

Case 3:26-cv-00238-SLG     Document 13     Filed 07/09/26     Page 6 of 19

33. Admit that Officer Larsen's body-worn camera recorded the encounter while Officer Larsen was present. The body-worn camera footage speaks for itself and is the best evidence of its contents. Otherwise Deny.

34. Admit that Officer Larsen's body-worn camera recorded the encounter while Officer Larsen was present. The body-worn camera footage speaks for itself and is the best evidence of its contents. Otherwise Deny.

35. Paragraph 35 contains legal conclusions which require no answer. To the extent an answer is required, deny.

36. Admit Plaintiff stated he needed to go to the hospital and that Emergency Medical Services responded to the scene. Kenai Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 36, and therefore deny.

37. Kenai Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37, and therefore deny.

38. Kenai Defendants admit that EMS responded to the scene. Kenai Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 38, and therefore deny.

39. Admit Plaintiff arrived via EMS at the hospital on or around 5:37 p.m. Kenai Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 39, and therefore deny.

DEFENDANTS CITY OF KENAI AND CHAD LARSEN'S ANSWER
BEN C. TIKKA V. CITY OF KENAI, ET AL.
CASE NO. 3:26-CV-00238-SLG – PAGE 7 OF 19

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 3:26-cv-00238-SLG    Document 13    Filed 07/09/26    Page 7 of 19

40.    Admit Plaintiff was bitten by State Trooper K9 Olex, that Plaintiff was sprayed with pepper spray by State Troopers, and that Trooper Miller used his taser on Plaintiff. Kenai Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 40, and therefore deny.

41.    Kenai Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41, and therefore deny.

42.    Kenai Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42, and therefore deny.

43.    Kenai Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43, and therefore deny.

44.    Paragraph 44 contains legal conclusions which require no answer. To the extent an answer is required, Kenai Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44, and therefore deny.

45.    Admit the Alaska Courtview website lists Plaintiff as defendant in *City of Soldotna v. Ben Carver Tikka*, 3KN-23-00477MO, for one charge related to non-criminal violation of AS 28.22.019 related to motor vehicle liability insurance. Deny that there is or was a case entitled *State of Alaska v. Ben Tikka*, 3KN-24-00477CR, with the charges listed in Paragraph 45. Kenai Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 45, and therefore deny.

DEFENDANTS CITY OF KENAI AND CHAD LARSEN'S ANSWER
*BEN C. TIKKA V. CITY OF KENAI, ET AL.*
CASE NO. 3:26-CV-00238-SLG – PAGE 8 OF 19

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 3:26-cv-00238-SLG    Document 13    Filed 07/09/26    Page 8 of 19

46. Kenai Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46, and therefore deny.

47. Deny that the Kenai District Attorney's Office dismissed the non-criminal violation of AS 28.22.019 related to motor vehicle liability insurance asserted in *City of Soldotna v. Ben Carver Tikka*, 3KN-23-00477MO, on June 12, 2024.

48. Kenai Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48, and therefore deny.

**<u>COUNT I</u>**
**COMMON LAW NEGLIGENCE**

49. Responses to all allegations within the preceding paragraphs are incorporated herein by reference.

50. Paragraph 50 contains legal conclusions which require no answer. To the extent an answer is required, deny.

51. Paragraph 51 and all its subparts contain legal conclusions which require no answer. Paragraph 51 subparts a-d, and f are not directed at Kenai Defendants and do not require a response from Kenai Defendants. To the extent an answer is required, deny.

52. Paragraph 52 contains legal conclusions which require no answer. To the extent an answer is required, deny.

DEFENDANTS CITY OF KENAI AND CHAD LARSEN'S ANSWER
*BEN C. TIKKA V. CITY OF KENAI, ET AL.*
CASE NO. 3:26-CV-00238-SLG – PAGE 9 OF 19

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 3:26-cv-00238-SLG    Document 13    Filed 07/09/26    Page 9 of 19

53. Responses to all allegations within the preceding paragraphs are incorporated herein by reference.

54. Paragraph 54 contains legal conclusions which require no answer. Paragraph 54 is not directed at Kenai Defendants and does not require a response from Kenai Defendants. To the extent an answer is required, deny.

55. Paragraph 55 contains legal conclusions which require no answer. Paragraph 55 is not directed at Kenai Defendants and does not require a response from Kenai Defendants. To the extent an answer is required, deny.

56. Paragraph 56 contains legal conclusions which require no answer. Paragraph 56 is not directed at Kenai Defendants and does not require a response from Kenai Defendants. To the extent an answer is required, deny.

57. Paragraph 57 contains legal conclusions which require no answer. Paragraph 57 is not directed at Kenai Defendants and does not require a response from Kenai Defendants. To the extent an answer is required, deny.

58. Paragraph 58 contains legal conclusions which require no answer. Paragraph 58 is not directed at Kenai Defendants and does not require a response from Kenai Defendants. To the extent an answer is required, deny.

DEFENDANTS CITY OF KENAI AND CHAD LARSEN'S ANSWER
*BEN C. TIKKA V. CITY OF KENAI, ET AL.*
CASE NO. 3:26-CV-00238-SLG – PAGE 10 OF 19

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 3:26-cv-00238-SLG   Document 13   Filed 07/09/26   Page 10 of 19

59. Paragraph 59 contains legal conclusions which require no answer. Paragraph 59 is not directed at Kenai Defendants and does not require a response from Kenai Defendants. To the extent an answer is required, deny.

### COUNT III
### FAILURE TO INTERVENE

60. Responses to all allegations within the preceding paragraphs are incorporated herein by reference.

61. Paragraph 61 contains legal conclusions which require no answer.

62. Paragraph 62 contains legal conclusions which require no answer. To the extent an answer is required, deny.

63. Paragraph 63 contains legal conclusions which require no answer. To the extent an answer is required, deny.

64. Paragraph 64 contains legal conclusions which require no answer. To the extent an answer is required, deny.

65. Paragraph 65 contains legal conclusions which require no answer. To the extent an answer is required, deny.

66. Paragraph 66 contains legal conclusions which require no answer. To the extent an answer is required, deny.

67. Paragraph 67 contains legal conclusions which require no answer. To the extent an answer is required, deny.

DEFENDANTS CITY OF KENAI AND CHAD LARSEN'S ANSWER
BEN C. TIKKA V. CITY OF KENAI, ET AL.
CASE NO. 3:26-CV-00238-SLG – PAGE 11 OF 19

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 3:26-cv-00238-SLG    Document 13    Filed 07/09/26    Page 11 of 19

**COUNT IV**
**STATE LAW EXCESSIVE FORCE**

68. Responses to all allegations within the preceding paragraphs are incorporated herein by reference.

69. Paragraph 69 contains legal conclusions which require no answer. Paragraph 69 is not directed at Kenai Defendants and does not require a response from Kenai Defendants. To the extent an answer is required, deny.

70. Paragraph 70 contains legal conclusions which require no answer. Paragraph 70 is not directed at Kenai Defendants and does not require a response from Kenai Defendants. To the extent an answer is required, deny.

71. Paragraph 71 contains legal conclusions which require no answer. Paragraph 71 is not directed at Kenai Defendants and does not require a response from Kenai Defendants. To the extent an answer is required, deny.

72. Paragraph 72 contains legal conclusions which require no answer. Paragraph 72 is not directed at Kenai Defendants and does not require a response from Kenai Defendants. To the extent an answer is required, deny.

73. Paragraph 73 contains legal conclusions which require no answer. Paragraph 73 is not directed at Kenai Defendants and does not require a response from Kenai Defendants. To the extent an answer is required, deny.

DEFENDANTS CITY OF KENAI AND CHAD LARSEN'S ANSWER
*BEN C. TIKKA V. CITY OF KENAI, ET AL.*
CASE NO. 3:26-CV-00238-SLG – PAGE 12 OF 19

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 3:26-cv-00238-SLG    Document 13    Filed 07/09/26    Page 12 of 19

**COUNT V**
**CITY OF KENAI**

74. Responses to all allegations within the preceding paragraphs are incorporated herein by reference.

75. Paragraph 75 contains legal conclusions which require no answer. To the extent an answer is required, deny.

76. Paragraph 76 contains legal conclusions which require no answer. To the extent an answer is required, deny.

77. Paragraph 77 contains legal conclusions which require no answer. To the extent an answer is required, deny.

78. Paragraph 78 contains legal conclusions which require no answer. To the extent an answer is required, deny.

**COUNT VI**
**FALSE ARREST/IMPRISONMENT (42 U.S.C. § 1983)**

79. Responses to all allegations within the preceding paragraphs are incorporated herein by reference.

80. Paragraph 80 contains legal conclusions which require no answer. Paragraph 80 is not directed at Kenai Defendants and does not require a response from Kenai Defendants. To the extent an answer is required, deny.

81. Paragraph 81 contains legal conclusions which require no answer. Paragraph 81 is not directed at Kenai Defendants and does not require a response from Kenai Defendants. To the extent an answer is required, deny.

DEFENDANTS CITY OF KENAI AND CHAD LARSEN'S ANSWER
*BEN C. TIKKA V. CITY OF KENAI, ET AL.*
CASE NO. 3:26-CV-00238-SLG – PAGE 13 OF 19

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 3:26-cv-00238-SLG    Document 13    Filed 07/09/26    Page 13 of 19

82. Paragraph 82 contains legal conclusions which require no answer. Paragraph 82 is not directed at Kenai Defendants and does not require a response from Kenai Defendants. To the extent an answer is required, deny.

## COUNT VII
### FALSE ARREST/IMPRISONMENT STATE LAW CLAIM

83. Responses to all allegations within the preceding paragraphs are incorporated herein by reference.

84. Paragraph 84 contains legal conclusions which require no answer. Paragraph 84 is not directed at Kenai Defendants and does not require a response from Kenai Defendants. To the extent an answer is required, deny.

85. Paragraph 85 contains legal conclusions which require no answer. Paragraph 85 is not directed at Kenai Defendants and does not require a response from Kenai Defendants. To the extent an answer is required, deny.

86. Paragraph 86 contains legal conclusions which require no answer. Paragraph 86 is not directed at Kenai Defendants and does not require a response from Kenai Defendants. To the extent an answer is required, deny.

## COUNT IX [Sic]
### INVASION OF PRIVACY

87. Responses to all allegations within the preceding paragraphs are incorporated herein by reference.

DEFENDANTS CITY OF KENAI AND CHAD LARSEN'S ANSWER
*BEN C. TIKKA V. CITY OF KENAI, ET AL.*
CASE NO. 3:26-CV-00238-SLG – PAGE 14 OF 19

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 3:26-cv-00238-SLG    Document 13    Filed 07/09/26    Page 14 of 19

88. Paragraph 88 contains legal conclusions which require no answer. Paragraph 88 is not directed at Kenai Defendants and does not require a response from Kenai Defendants. To the extent an answer is required, deny.

89. Paragraph 89 contains legal conclusions which require no answer. Paragraph 89 is not directed at Kenai Defendants and does not require a response from Kenai Defendants. To the extent an answer is required, deny.

90. Paragraph 90 contains legal conclusions which require no answer. Paragraph 90 is not directed at Kenai Defendants and does not require a response from Kenai Defendants. To the extent an answer is required, deny.

91. Paragraph 91 contains legal conclusions which require no answer. Paragraph 91 is not directed at Kenai Defendants and does not require a response from Kenai Defendants. To the extent an answer is required, deny.

## COUNT IX
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### AGAINST DEFENDANTS WOODRUFF, MILLER AND LARSEN

92. Responses to all allegations within the preceding paragraphs are incorporated herein by reference.

93. Paragraph 93 contains legal conclusions which require no answer. To the extent an answer is required, deny.

94. Paragraph 94 contains legal conclusions which require no answer. To the extent an answer is required, deny.

DEFENDANTS CITY OF KENAI AND CHAD LARSEN'S ANSWER
BEN C. TIKKA V. CITY OF KENAI, ET AL.
CASE NO. 3:26-CV-00238-SLG – PAGE 15 OF 19

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 3:26-cv-00238-SLG    Document 13    Filed 07/09/26    Page 15 of 19

95. Paragraph 95 contains legal conclusions which require no answer. To the extent an answer is required, deny.

### Count X
#### PUNITIVE DAMAGES

96. Responses to all allegations within the preceding paragraphs are incorporated herein by reference.

97. Paragraph 97 contains legal conclusions which require no answer. To the extent an answer is required, deny.

### AFFIRMATIVE DEFENSES

1. Plaintiff's claims fail, in whole or in part, to state a valid claim for relief.

2. Plaintiff's claims are barred, in whole or in part, by immunity.

3. Plaintiff's claims are barred, in whole or in part, by qualified immunity.

4. Plaintiff's claims are barred, in whole or in part, by AS 09.65.070(d)(2) discretionary function immunity.

5. Plaintiff's claims are barred, in whole or in part, by AS 09.65.070(d)(5) immunity, which immunizes municipalities and their agents, officers or employees from claims "based upon the exercise or performance of a duty or function upon the request of, or by the terms of an agreement or contract with, the state to meet emergency public safety requirements."

6. Kenai Defendants' actions were reasonable under the circumstances.

DEFENDANTS CITY OF KENAI AND CHAD LARSEN'S ANSWER
*BEN C. TIKKA V. CITY OF KENAI, ET AL.*
CASE NO. 3:26-CV-00238-SLG – PAGE 16 OF 19

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 3:26-cv-00238-SLG    Document 13    Filed 07/09/26    Page 16 of 19

7. Plaintiff's claims based on alleged deprivations of constitutional rights were not the result of a City of Kenai custom or policy.

8. Plaintiff's claims and/or damages were caused, in whole or in part, by Plaintiff's own negligence or lack of due care, or by the act or omission of third parties.

9. Plaintiff failed, in whole or in part, to mitigate his damages.

10. Plaintiff's damages, if any, were caused by intervening or superseding causes.

11. Plaintiff's damages, if any, were caused by the actions or inactions of persons, parties, or entities over whom the Kenai Defendants have no responsibility or control.

12. Plaintiff has failed to join necessary parties for the just adjudication of this matter.

13. The Kenai Defendants are entitled to an apportionment of damages pursuant to AS 09.17.080.

14. The Kenai Defendants reserve the right to assert further affirmative defenses as may be appropriate after discovery.

## **PRAYER FOR RELIEF**

WHEREFORE, the Kenai Defendants pray for the following relief:

1. That Plaintiff be awarded nothing;

2. That the Kenai Defendants recover their attorneys' fees and costs; and

3. For such other relief that the Court deems just and appropriate.

DEFENDANTS CITY OF KENAI AND CHAD LARSEN'S ANSWER
*BEN C. TIKKA V. CITY OF KENAI, ET AL.*
CASE NO. 3:26-CV-00238-SLG – PAGE 17 OF 19

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 3:26-cv-00238-SLG    Document 13    Filed 07/09/26    Page 17 of 19

DATED at Anchorage, Alaska, this 9th day of July, 2026.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys for Defendants City of Kenai
and Chad Larsen

By:    */s/ Matthew Singer*
       Matthew Singer, ABA No. 9911072
       Email:  msinger@schwabe.com
       Peter Scully, ABA No. 1405043
       Email: pscully@schwabe.com
       William C.G. Wright, ABA No. 2209074
       Email:  wwright@schwabe.com

DEFENDANTS CITY OF KENAI AND CHAD LARSEN'S ANSWER
*BEN C. TIKKA V. CITY OF KENAI, ET AL.*
CASE NO. 3:26-CV-00238-SLG – PAGE 18 OF 19

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone:  (907) 339-7125

Case 3:26-cv-00238-SLG    Document 13    Filed 07/09/26    Page 18 of 19

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 9th, 2026, a true and correct copy of the *Defendants City of Kenai and Chad Larsen's Answer* was served via the Court's CM/ECF electronic service on the following counsel of record:

*Counsel for Plaintiff, Ben C. Tikka:*

Darryl L. Thompson
Thompson Law Group
880 N Street, Suite 101
Anchorage, Alaska 99501
Email: darryl@akdltlaw.com

*Counsel for Defendant Joseph Lee Miller, Jr.:*

Bradley A. Carlson
Carlson Law Group, LLC
645 G Street, Suite 100 #558
Anchorage, AK 99501
Email: brad@bcarlsonlaw.com

*Counsel for Defendant Jason Allen Woodruff:*

Clinton Campion
Clendaniel Heyman Campion
500 L Street, Suite 500
Anchorage, Alaska 99501
Email: campion@chclawak.com
         campion@alaskalaw.pro

*/s/ Matthew Singer*
Matthew Singer

DEFENDANTS CITY OF KENAI AND CHAD LARSEN'S ANSWER
*BEN C. TIKKA V. CITY OF KENAI, ET AL.*
CASE NO. 3:26-CV-00238-SLG  – PAGE 19 OF 19

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 3:26-cv-00238-SLG    Document 13    Filed 07/09/26    Page 19 of 19